IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,            ) | No. C 07-0170 TEH (PR) |
| Plaintiff,               ) | |
| v.                       ) | **ORDER DISMISSING COMPLAINT** |
| JOHN DOE, CLERK, MARIN   ) | |
| COUNTY SUPERIOR COURT,   ) | |
| Defendant.               ) | |

Plaintiff, a prisoner of the State of California currently incarcerated at California State Prison-Sacramento, has filed a civil rights complaint under 42 U.S.C. § 1983, seeking mandamus relief against the Marin County Superior Court.

## BACKGROUND

Petitioner's complaint is somewhat incomprehensible. However, it appears that he seeks mandamus relief against the Superior Court based on their failure to respond to a civil complaint he has filed seeking documents from a matter before the Grand Jury in Marin County.

## ANALYSIS

I    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

II      Legal Claims

Plaintiff seeks mandamus relief based on the failure of the Marin County Superior Court to respond to a civil complaint he filed seeking certain court documents. However, federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), aff'd without opinion, 673 F.2d 1337 (9th Cir. 1982); Newton v. Poindexter, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees); see also, In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation). Plaintiff's mandamus remedy, if any, lies in state court.

**CONCLUSION**

For the foregoing reasons, Plaintiff's action is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

The Clerk of Court shall enter judgment and close the file.

2

IT IS SO ORDERED.

DATED: 01/19/07

THELTON E. HENDERSON
United States District Judge